■ ANGELA CIOTTI, Appellant, v JOHN CIOTTI, Respondent.—Appeal from an order of the Supreme Court, Westchester County, dated July 15, 1977, which, without a hearing, denied the appellant wife's application, *inter alia,* for a wage deduction order and a counsel fee. Order reversed, without costs or disbursements, and matter remitted to Special Term for an immediate hearing on the merits. In accordance with former subdivision 3 of section 49-b of the Personal Property Law, as it read at the time of this application,

appellant proceeded by order to show cause and petition in May, 1977 for a wage deduction order and related relief, alleging, *inter alia,* that her former husband, respondent herein, was presently delinquent by more than three payments in his payment of support, maintenance and alimony pursuant to their judgment of divorce dated October 19, 1976. In opposition respondent alleged, in part, financial inability and appellant's consent to reduced payments, which statements were disputed by the latter in her reply. Special Term denied the application without a hearing. The relevant statute provided at the time in question: "Proof that the respondent is three payments delinquent establishes a prima facie case against the respondent, which can be overcome only by proof of respondent's inability to make the payments. Unless such presumption is overcome, the court shall order the respondent's employer to deduct from said employee's wages, salary or commission such amounts as the court may find to be necessary to comply with the order of support as well as any accumulated amount in arrears" (Personal Property Law, § 49-b, former subd 3). On the basis of the statute as it then read, the allegations of the petition, if proved and if unrebutted by respondent, would have mandated, at least to some extent, the relief requested. Under these circumstances, and given the fact that the explanation proffered by respondent was a matter in dispute, we believe that it was erroneous for Special Term to have decided the application without the benefit of a hearing (see *Matter of Sabatino,* 59 AD2d 992). Moreover, although the statute has since been amended twice and we are constrained to apply the law as it now exists in the determination of this appeal *(Matter of Stato v Squicciarini,* 59 AD2d 718; *Matter of Nelson v Nationwide Measuring Serv.,* 59 AD2d 717), respondent cannot benefit from the change, since the statute, as it is presently written, provides, *inter alia,* that an income (formerly wage) deduction order *shall* be entered upon a showing of "good cause", and that the court, in determining good cause: "may take into consideration evidence of the degree of the respondent's past financial responsibility, credit references, credit history, and any other matter the court considers relevant in determining the likelihood of payment in accordance with the [underlying] support order" (Personal Property Law, § 49-b, subd 1, par [a], as amd L 1978, ch 456, § 17 [eff Jan. 1, 1979]). The determination of "good cause", based upon the present record, containing disputed statements of material facts, and without the benefit of a hearing, would be improper. We have considered appellant's remaining contentions and find it unnecessary to resolve them in view of the disposition which we have reached herein and the amendment of the statute during the pendency of this appeal. Gulotta, J. P., Shapiro, Cohalan and Margett, JJ., concur.