■ CORLISS W. BULL, Respondent, v ROBERT C. BULL, Appellant. — Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered March 23, 1982 in Saratoga County, which, *inter alia,* granted plaintiff's motion for summary judgment. The parties were married on November 24,

1946. Defendant husband left the marital residence in 1976 and negotiations with both partners represented by counsel continued over a 23-month period culminating in a separation agreement dated August 31, 1979. Approximately one year later, on November 20, 1980, defendant obtained a conversion divorce (Domestic Relations Law, § 170, subd [6]) which incorporated, but did not merge with, the separation agreement. Pursuant to the terms of the agreement, plaintiff took title to the marital residence, including the furniture and fixtures. Additionally, the parties divided their bank accounts, defendant agreed to pay plaintiff's medical expenses, and defendant agreed to pay plaintiff $160 per week which would be subject to upward or downward adjustment based upon changes in the United States Bureau of Labor Statistics' consumer price index of more than 10%. On May 2, 1981, plaintiff commenced the present action for breach of the separation agreement alleging that defendant had failed to maintain required medical coverage and failed to honor the indexing provision of the separation agreement which required defendant to increase his weekly alimony payment from $160 to $192 based upon a 20% increase in the consumer price index between September, 1979 and April, 1981. Defendant's answer, in addition to general denials, sets forth two affirmative defenses. The first alleges that he was denied the effective assistance of counsel prior to and at the time of execution of the separation agreement since his attorney at that time was represented by plaintiff's counsel in his own matrimonial action. Thus, he argues, the agreement is against public policy and should be set aside as null and void. The second affirmative defense alleges that defendant relied upon the advice of his former counsel that the terms of the agreement were in his best interest, which he now alleges was untrue. Accordingly, defendant argues that the agreement, if not void, is voidable and that he should be permitted to attack it at trial. Thereafter, plaintiff moved to strike defendant's answer and for summary judgment. Special Term granted the motion and this appeal by defendant ensued. We affirm. While the courts will scrutinize carefully the circumstances surrounding the execution of a separation agreement to insure that it was arrived at equitably and fairly so as to be free from the taint of fraud or duress (*Christian v Christian,* 42 NY2d 63, 72), the requisite manifest unfairness because of overreaching on the part of one of the signatories must be placed before the court by an evidentiary showing such as to warrant denial of a motion for summary judgment (*McGahee v Kennedy,* 48 NY2d 832). Here, defendant, in his affidavit in opposition to the motion, does not offer any reason in support of his alleged inability to pay the increased $32 per week alimony payment. In fact, he has never defaulted on the $160 per week payment. Next, defendant does not deny that he was aware of the fact that his own attorney was represented by his wife's attorney. Instead, he merely states, without evidentiary support, that such a relationship between counsel resulted in a "fraudulent inducement" culminating in a separation agreement that was against public policy and fraudulent on its face. Further, defendant's bill of particulars states that he did not become completely aware that his counsel at the time of the signing of the agreement was not acting in his best interests until September, 1980, approximately one year after its execution. Accordingly, we conclude that the paucity of defendant's proof does not warrant denial of the motion (see *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Sheindlin v Sheindlin,* 88 AD2d 930). Turning to the issue of counsel fees, we conclude that Special Term abused its discretion in awarding counsel fees for plaintiff's attorney in the sum of $350. An action for breach of contract, albeit a separation agreement, is not a matrimonial action or proceeding within the meaning of section 237 of the Domestic Relations Law. Order

modified, on the law, by reversing so much thereof as awarded plaintiff $350 in counsel fees, and plaintiff's motion for counsel fees denied, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.