## (January 24, 1983)

■ ELIZABETH PATELL, Respondent, v RONALD PATELL, Appellant. — On the court's own motion the order and decision in the above-entitled case, both dated December 27, 1982 (91 AD2d 682) are recalled and vacated and the following decision is substituted therefor: In a matrimonial action in which the parties were divorced, defendant husband appeals (1) as limited by his brief, from stated portions of two orders of the Supreme Court, Nassau County (Lockman, J.), dated April 27, 1982 and May 25, 1982, respectively, which, *inter alia*, without a hearing, awarded plaintiff judgment for arrears in maintenance and child support and granted plaintiff's application for a wage deduction order and counsel fees, and (2) from an order of the same court, dated

May 25, 1982, entered in accordance therewith. Orders dated April 27, 1982 and May 25, 1982 modified by deleting therefrom the provisions which granted plaintiff an additional counsel fee of $500. As so modified, orders dated April 27, 1982 and May 25, 1982, affirmed, insofar as appealed from, and second order dated May 25, 1982, affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. Defendant has not alleged in his affidavits opposing that branch of plaintiff's application which was for a wage deduction order, pursuant to section 49-b (subd 1, par [a]) of the Personal Property Law, substantial issues of material fact which would require a hearing (cf. *Ciotti v Ciotti,* 67 AD2d 690). Defendant is not entitled to a reduction in the support provisions of the divorce judgment, as he has failed to allege a substantial change in circumstances (see Domestic Relations Law, § 236, part B, subd 9, par b; *Hickland v Hickland,* 56 AD2d 978). Defendant's remarriage to a woman with two young children from a previous marriage is not such a changed circumstance as would warrant a reduction in support provisions, where defendant's income remains unchanged (*Matter of Windwer v Windwer,* 39 AD2d 927, affd 33 NY2d 599; *Hickland v Hickland,* 56 AD2d 978, *supra*). Plaintiff failed to comply with section 699.11 of the rules of this court (22 NYCRR 699.11) with respect to the official form required to be filed on an application for a counsel fee (see *Steinman v Steinman,* 87 AD2d 649; *Lewin v Lewin,* 91 AD2d 649). That branch of plaintiff's application which sought counsel fees is therefore remitted to the Supreme Court, Nassau County, to be placed on the calendar only after plaintiff files her affidavit in the required form. Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.