■ RALPH W. SMITH, Respondent, v NANCY F. SMITH, Appellant. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered October 15, 1982 in Albany County, which denied defendant's motion to renew and reargue a motion which resulted in a judgment of divorce. The parties were married December 30, 1961 and have three minor children. On October 22, 1980, a written separation agreement was executed which, *inter alia,* granted defendant custody of the children, exclusive use and occupancy of the marital residence and $550 biweekly as maintenance and support. On November 16, 1981, plaintiff commenced an action for a conversion divorce (Domestic

Relations Law, § 170, subd [6]). Plaintiff's motion for summary judgment was opposed by defendant who asserted that plaintiff had not complied with the terms of the separation agreement by failing to pay certain medical bills and make repairs to the marital residence. Special Term concluded that the issues related to interpretation of relatively insignificant portions of the agreement and determined that plaintiff was in substantial compliance. On August 9, 1982, a judgment of divorce was entered in plaintiff's favor which incorporated and merged the separation agreement. Thereafter, defendant moved to "renew and reargue" the motion for summary judgment, alleging that Special Term had failed to make proper inquiry into the circumstances of the parties, which would demonstrate that the separation agreement was unconscionable at the time of entry of final judgment. Defendant's motion was denied and the instant appeal ensued. There should be an affirmance. Initially, we note defendant's characterization of her motion as one to "renew and reargue" is not determinative of its appealability. The denial of a motion for reargument is not appealable (*Roy v National Grange Mut. Ins. Co.,* 85 AD2d 832, 833). A motion to renew requires the presentation of "additional material facts which existed at the time the prior motion was made but were not then known to the party seeking leave to renew (*Foley v Roche,* 68 AD2d 558)" (*Spiro v Spiro,* 91 AD2d 1103, 1104, mot for lv to app dsmd 59 NY2d 761). In her supporting affidavit, defendant premises her motion on plaintiff's undisclosed increase in income, an undisclosed change in insurance coverage, and the orthodontic needs of the children. Review of the record, however, establishes that defendant was cognizant of plaintiff's actual income before his summary judgment motion, and had been advised of the change in insurance coverage due to plaintiff's employment with the Federal Government. Consequently, neither factor constitutes newly discovered evidence and no excuse was offered for not presenting these contentions in opposition to plaintiff's motion. Defendant's concession that the need for orthodontic treatment arose after the judgment of divorce was entered precludes its consideration as newly discovered evidence. In any event, the separation agreement expressly provides that such extraordinary health-related expenses are to be borne equally by the parties. Accordingly, the motion by defendant seeking leave to renew was properly denied (*Spiro v Spiro, supra; Erlich v Erlich,* 80 AD2d 882). Although we are further of the opinion that defendant's motion was in reality one for reargument and not appealable (*Frankel v Frankel,* 67 AD2d 719), having reviewed the record, we note that Special Term's conclusion that plaintiff was in substantial compliance with the terms of the separation agreement is amply supported in the record. Defendant failed to present relevant evidentiary materials sufficient to defeat plaintiff's motion (*Lawson v Lawson,* 79 AD2d 787, 788-789; *De Vries v De Vries,* 78 AD2d 867, affd 54 NY2d 845; *Fairley v Fairley,* 75 AD2d 975, affd 53 NY2d 726). Further, the record confirms that the separation agreement was the product of extensive negotiations in which both parties were represented by competent counsel and it was not demonstrated to be either manifestly unfair at the time of its making or unconscionable upon entry of the final judgment of divorce (*Christian v Christian,* 42 NY2d 63, 72; *Bull v Bull,* 91 AD2d 766). Order affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.