■ In the Matter of CORLISS W. BULL, Respondent, v ROBERT C. BULL, Appellant. — Weiss, J. Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered April 27, 1984 in Schenectady County, which granted petitioner's application pursuant to Personal Property Law § 49-b for an income deduction order against respondent.

The parties were divorced November 20, 1980 with the separation agreement executed August 31, 1979 incorporated but not merged in the decree. Following two separate lawsuits to recover arrearages in alimony payments (*see, Bull v Bull,* 91 AD2d 766), petitioner applied for and was granted an order at Special Term pursuant to Personal Property Law § 49-b, requiring the New York Telephone Company to deduct $192 weekly from respondent's pension and remit it monthly to petitioner. Respondent has appealed from the order, which he contends was erroneously granted because of the lack of an evidentiary hearing, and also asserts that the amount of the ordered deduction is excessive.

The determinative issue is whether an income deduction order pursuant to Personal Property Law § 49-b may be made without an evidentiary hearing. The question appears to be one of first impression before this court, although the Appellate Division, Second Department, in a number of cases, has specifically addressed the issue. In *Ciotti v Ciotti* (67 AD2d 690, 691), a section 49-b wage deduction order granted at Special Term without a hearing was reversed, that court holding "[t]he determination of

'good cause', based upon the present record, containing disputed statements of material facts, and without the benefit of a hearing, would be improper." Petitioner argues that the emergence of compulsory financial disclosure (Domestic Relations Law § 236 [A] [2]; [B] [4]; 22 NYCRR 117.2) subsequent to *Ciotti* obviates the need for an evidentiary hearing. We disagree, and note the Second Department's continued adherence to the hearing requirement in cases decided subsequent to the effective date of the compulsory financial disclosure requirements (*see, Patell v Patell,* 91 AD2d 1028; *Colabella v Colabella,* 86 AD2d 643).

We further note that, in apparent contradiction of her present argument, the petition alleges that respondent had never "made a full and complete financial disclosure to the Court". Respondent has alleged a substantial change in circumstances since entry of the divorce decree sufficient to warrant a hearing on his financial ability to comply before an income deduction order is granted (*cf. Szigyarto v Szigyarto,* 64 NY2d 275; *Patell v Patell, supra*). Although respondent's remarriage is not of itself such a change in circumstances as to warrant a reduction in support, the record further shows he has retired and that the support obligation has increased based upon changes in the consumer price index (*see, Bull v Bull, supra,* p 767).

It is unnecessary to consider respondent's remaining contentions.

Order reversed, on the law, without costs, and matter remitted to Trial Term for a hearing to determine whether respondent's support obligation should be modified and whether an income deduction order should be made pursuant to Personal Property Law § 49-b. Kane, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.