■ ROXANNE ADAMS, Respondent, v ALBANY MEDICAL CENTER HOSPITAL et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered June 28, 1985 in Albany County, which denied defendants' motion to renew a motion for leave to serve an amended answer.

In April 1979, plaintiff underwent surgery for a saline abortion performed by defendant Hafsteinn Saemundsson at defendant Albany Medical Center Hospital. Thereafter, plaintiff commenced separate actions seeking damages for negligence and medical malpractice against the hospital and Saemundsson on October 3, 1980 and November 14, 1980, respectively. By December 1980, issue was joined in both actions, which were consolidated upon stipulation. Service of a bill of

particulars and certain discovery proceedings followed and a note of issue was filed in March 1983. By notice of motion dated May 25, 1984, defendants sought leave to serve an amended answer adding the affirmative defenses of collateral estoppel and res judicata based on a default judgment taken against plaintiff on December 14, 1979 for the services rendered her by both defendants. In denying the motion, which was supported only by an attorney's affidavit, Special Term found (1) the request untimely and (2) that although defendants were both aware of the default judgment at the time of their original answers, each failed to assert the additional defenses. No appeal was taken. Instead, by notice of motion dated February 4, 1985, defendants sought leave to renew their motion to amend and presented an affidavit of John Irvin, the hospital's risk manager, outlining the details of the aforementioned default judgment. Special Term again denied the motion, finding that defendants failed to produce any new material facts to justify the requested relief. Defendants have appealed.

We affirm. Review of the Irvin affidavit confirms that it merely reiterates the background of the 1979 default judgment. Clearly, both defendants either knew about or were in a position to discover the facts surrounding the default judgment prior to service of their original answers. Even if we were to accept defendants' contention that the Irvin affidavit presented new, material facts, the error of omission offered as an excuse is, in reality, no excuse at all. The decision of Special Term is well within the scope of its discretion (see, Smith v Smith, 97 AD2d 932, 933; Foley v Roche, 68 AD2d 558; see also, Polak v Schwenk, 115 AD2d 142).

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.