■ In the Matter of PATRICIA ROSENDALE, Appellant, v JOHN ROSENDALE, Respondent. [628 NYS2d 380] —In a support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Queens County (De Phillips, J.), dated October 22, 1993, which (1) denied her objections to an order of the same court (Gartner, H.E.), dated September 27, 1993, *inter alia,* denying her petition for an upward modification of maintenance and (2) granted the respondent's cross petition for a downward modification of maintenance.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provisions thereof which (1) denied the petition, and (2) which granted the cross petition, and substituting therefor provisions (1) denying the cross petition, and (2) granting the petition to the extent of continuing maintenance at $200 per week until such time as the appellant obtains new employment, at which time the maintenance payments shall be reduced to the sum of $125 per week; as so modified, the order is affirmed, without costs or disbursements.

According to a stipulation entered into between the parties, the respondent was to pay the appellant $200 per week in unallocated child support and maintenance. The stipulation indicated, however, that the "support payments" would decrease as each of the parties' children became emancipated, dropping to $125 per week once the parties' youngest child reached the age of emancipation. In 1985, the appellant moved for an upward modification of support after the respondent decreased the payments from $200 per week to $150 per week after the parties' two older children became emancipated. The Family Court found that there was "a change in circumstances * * * as to justify a *retention* of the payment of support" of $200 per week (emphasis added). The respondent continued to pay the $200 per week even after the parties' youngest child reached the age of emancipation and only moved for a downward modification when the appellant filed her petition for an upward modification of maintenance.

At the hearing on the appellant's 1993 petition for an increase in maintenance, she testified that she had been laid off from her job, and had been denied Medicaid. She was living on unemployment insurance, plus the $200 per week in maintenance she was receiving from the respondent pursuant to the 1985 order of support. She had also voluntarily undertaken the task of caring for the parties' oldest daughter who, while an emancipated adult, was nevertheless suffering from manic depression and who was herself receiving disability benefits. The appellant demonstrated that she was unable to pay her monthly bills and had outstanding medical expenses related to her diabetes. Furthermore, the very terms of the parties' stipulation permitted the appellant to seek an upward modification of maintenance. Indeed, the stipulation provided that "in the event of a material change of financial circumstances * * * either party may apply to a court of competent jurisdiction for an award of [maintenance] * * * which may be different from the provisions of [maintenance] contained in this stipulation". Under the present circumstances the appellant has demon-

strated her entitlement to what is, in effect, an increase in maintenance pursuant to the terms of the stipulation.

Based upon the financial documentation adduced before the Family Court, and in light of the parties' relative financial circumstances, we conclude that the respondent should continue to make support payments of $200 per week as maintenance alone, until the appellant obtains employment. These continued payments will help her to meet her own needs, while not being unduly burdensome to the respondent. Thompson, J. P., Pizzuto, Santucci and Florio, JJ., concur.