■ GEORGE E. BROWN, Appellant, v ROSE A. BROWN, Respondent. [641 NYS2d 209] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Barone, J.), entered September 21, 1994 in Westchester County, which, *inter alia*, denied plaintiff's cross motion to set aside certain provisions of the parties' separation agreement.

Plaintiff and defendant entered into a separation agreement in June 1985 which provided, *inter alia*, that plaintiff would pay maintenance to defendant in monthly increments subject to termination upon the occurrence of three specific events: the death of either party, the remarriage of defendant or the cohabitation of defendant with any unrelated male person. The terms of the agreement were the product of the parties' negotiations with a mediator and were incorporated in a written agreement prepared by an attorney hired by plaintiff. The agreement recited that the parties understood all of the terms contained therein and that the same were "fair, just, reasonable and to their respective individual best interests". Plaintiff apparently retired sometime in 1991 resulting in a substantial reduction in his annual income and, as a consequence, he moved to modify his separation agreement to either reduce or eliminate his maintenance obligation on the ground that the failure to provide for the termination of maintenance upon his retirement was a mutual mistake of the parties. Supreme Court denied his motion, and plaintiff appeals.

Initially, we reject plaintiff's contention that the failure to include retirement as a terminating event for his maintenance obligation was the result of a mutual mistake. Mutual mistake occurs when the parties "reach[ ] an oral agreement and, unknown to either, the signed writing does not express [their]

agreement" (*Chimart Assocs. v Paul*, 66 NY2d 570, 573). The record makes plain that the issue of retirement was not discussed during mediation and such provision, therefore, was not inadvertently omitted from the separation agreement as a terminating event of plaintiff's maintenance obligation.

We likewise reject plaintiff's assertion that his retirement constituted an implicit terminating event of his maintenance obligation. It is clear that where a separation agreement recites the specific events that trigger the termination of a maintenance obligation and fails to include other potential terminating events, the agreement will be construed as an "implicit agreement" to continue maintenance notwithstanding the occurrence of such other events (*see, Slagsvol v Schneck*, 213 AD2d 537, *appeal dismissed* 85 NY2d 968).

Finally, we reject plaintiff's contention that Supreme Court erred in failing to modify his maintenance obligations on the ground that his income had been substantially reduced without his fault and in good faith.* That argument was not raised in Supreme Court and has not, therefore, been preserved for our review (*see, Gunzburg v Gunzburg*, 152 AD2d 537, 538).

Mikoll, J. P., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The separation agreement provides that "[i]f [plaintiff's] income shall be substantially reduced without his fault and in good faith, the parties agree to attempt to renegotiate his obligation as to the amount of maintenance to be paid by him and failing such negotiation to have the amount modified by a [c]ourt of competent jurisdiction".