■ In the Matter of GERALD R. TALANDIS, Respondent, v VITA TALANDIS, Appellant. [650 NYS2d 345] —Yesawich Jr., J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered January 25, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior order of spousal support.

Petitioner and respondent were married in 1961; in 1981, they entered into a separation agreement that was incorporated, but not merged, into a subsequent judgment of divorce. The agreement provided, *inter alia*, that petitioner was to furnish respondent with a house, a car, health insurance and a maintenance payment of $1,000 per month, to be adjusted annually on the basis of the Consumer Price Index compiled by the United States Department of Labor, Bureau of Labor Statistics.

In 1994, after hearing testimony from both parties, Family Court granted petitioner's application for a downward modification of his maintenance obligation. The court found that petitioner's adverse financial circumstances made continued compliance with the terms of the judgment an extreme hardship (*see*, Domestic Relations Law § 236 [B] [9] [b]; *Katz v Katz*, 188 AD2d 827). And, although petitioner admitted having

failed to fully meet his obligation in the months prior to the hearing, the court rejected respondent's assertion that his default was willful. An order was entered reducing petitioner's support obligation, prospectively, to $2,000 per month, less any amounts expended in the previous month for respondent's automobile and housing expenses. Respondent's objections having been denied, she appeals.

We affirm. Family Court did not, as respondent contends, undertake to modify the parties' separation agreement, but rather, in keeping with its limited jurisdiction, modified only the judgment into which that agreement was incorporated. The contract rights created by the unmerged agreement continue to exist, however, and respondent remains free to enforce its terms by bringing a contract action in the appropriate forum (see, Matter of Arnold v Fernandez, 184 AD2d 805, 806; Matter of Cohen v Seletsky, 142 AD2d 111, 120-121; cf., Buchman v Buchman, 61 AD2d 973, 974).

Nor does the order at issue improperly modify portions of the decree that effectuate an equitable distribution of the parties' marital property (see generally, Domestic Relations Law § 236 [B] [9] [b]; Scheinkman, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:45, 1996 Supp Pamph, at 159). Even if petitioner's obligation to provide respondent with housing, which is contingent upon the latter not remarrying, were to be deemed a distribution of property rather than a form of maintenance (but see, Domestic Relations Law § 236 [B] [1] [a], [b]), the Hearing Examiner did not reduce or eliminate that obligation, but merely considered its impact upon petitioner's finances in determining whether hardship had been demonstrated and in fashioning an appropriate cash maintenance award (see, Domestic Relations Law § 236 [B] [6] [a]).

In view of petitioner's testimony—that the payments he was required to make to respondent and on her behalf amounted to over $34,000 in 1993, while his gross income in that year was only approximately $44,000; that a drastic downturn in conditions affecting his real estate development business rendered his assets illiquid and essentially worthless; and that his business prospects had deteriorated significantly—Family Court cannot be faulted for finding that a downward modification of his maintenance obligation was warranted (cf., Matter of Bull v Bull, 109 AD2d 1021, 1022; Kaplan v Kaplan, 78 AD2d 872, 872-873). These essentially undisputed facts also furnish support for the court's conclusion that petitioner's failure to meet that obligation in full (he testified to having paid approximately

$31,000 for respondent's benefit in 1993, despite having had to borrow to do so) was not willful (*see, Matter of Rockland County Dept. of Social Servs. v Palatnik*, 59 AD2d 558).

Respondent's other arguments have been considered, and found unpersuasive.

Cardona, P. J., Mikoll, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.