OPINION OF THE COURT
Barry D. Kramer, J.
In this matrimonial action, plaintiff Carole S. Robinson has moved by order to show cause for an order punishing the defendant Richard M. Robinson for contempt of court pursuant to CPLR 5104, Domestic Relations Law § 245 and/or Judiciary Law § 756, for his willful failure to obey the judgment of this court entered March 30, 1987, in that he has willfully failed and refused to pay maintenance to the plaintiff, and has willfully failed and refused to maintain a life insurance policy for the benefit of the plaintiff in accordance with said judgment.
Defendant opposes plaintiff’s application, and has cross-moved this court for an order modifying the judgment of divorce to eliminate support and maintenance for the plaintiff, and vacate all arrears, on the ground that there has been a substantial change in circumstances causing him extreme hardship. The court will first address the issues raised by defendant’s cross motion.
Pursuant to the judgment of divorce entered in this action on March 30, 1987, which by its own terms incorporated but did not merge the stipulation of settlement recited in open court and acknowledged by the parties by the execution of an “Opting-Out” agreement, the defendant was required to pay to the plaintiff as and for maintenance the sum of $1,460 per month, until “the death of either party, or the marriage of the [plaintiff] or should the [plaintiff] habitually live with another man” (see, exhibit A annexed to plaintiffs order to show cause). The judgment further specifically provided that “maintenance payments may only be modified upon the receipt by the [plaintiff] of any Social Security payments upon the retirement of the [defendant], and that the modification of such maintenance payments shall be reduced only by the amount received by the [plaintiff] from the Social Security Administration” (Ibid.)
In opposition to the cross motion, plaintiff contends that this court is without power to modify the maintenance provisions of *954 the judgment of divorce, since the parties agreed to the application of a standard other than “extreme hardship” for modification of maintenance, and “the Court is thus bound to take cognizance of the agreement and to apply that standard”, citing Pintus v Pintus (104 AD2d 866, 868); Adler v Adler (135 AD2d 597); and Matter of Rosendale v Rosendale (216 AD2d 471) in support of her argument. Plaintiff also argues that the “extreme hardship” standard may only be applied in “the absence of an agreement by the parties incorporated into a Judgment”, citing Cohen v Seletsky (142 AD2d 111).
The court does not find that these cases support such a proposition, and, furthermore, does not find such to be the law. Rather, it is well settled that the courts indeed have the statutory power under Domestic Relations Law § 236 (B) (9) (b) to modify the maintenance provisions of a divorce judgment which incorporates, but does not merge, a separation agreement (or a stipulation of settlement entered into in open court as in this case), upon “a showing of extreme hardship on either party, in which event the judgment or order as modified shall supersede the terms of the prior agreement and judgment for such period of time and under such circumstances as the court determines.” (Domestic Relations Law § 236 [B] [9] [b]; Soba v Soba, 213 AD2d 472, 473; Katz v Katz, 188 AD2d 827; Busetti v Busetti, 108 AD2d 769, 770-771.)
There exists a plethora of cases concerning maintenance provisions of incorporated but unmerged separation agreements virtually identical to those at issue here, where the appellate courts have recognized this statutory authority under Domestic Relations Law § 236 (B) (9) (b), applied the standard of extreme hardship set forth therein notwithstanding an agreement to apply a different standard or an exclusionary list of triggering events, and have decided similar applications for a downward modification of a maintenance obligation on the merits. (See, Haydock v Haydock, 237 AD2d 748; Matter of Talandis v Talandis, 233 AD2d 689; Soba v Soba, supra; Wells v Wells, 130 AD2d 487; Busetti v Busetti, supra.)
Furthermore, this court finds that its application of the extreme hardship standard of Domestic Relations Law § 236 (B) (9) (b) to this case is not violative of the parties’ constitutional right to enter into private contracts, as suggested by plaintiff. (See, Matter of Talandis v Talandis, supra, at 690 [where the Third Department, in affirming the Family Court’s modification of a prior order of spousal support (incorporating an unmerged separation agreement) based on a finding of *955 extreme hardship, held that the “Family Court did not * * * undertake to modify the parties’ separation agreement, but rather, in keeping with its limited jurisdiction, modified only the judgment into which that agreement was incorporated”].) Since plaintiff has not made the instant application within the context of a plenary action based in contract, but rather, a postjudgment matrimonial action based on the judgment of divorce, the “contract rights created by the unmerged agreement continue to exist * * * and [the parties] remain [ ] free to enforce its terms by bringing a contract action in the appropriate forum”. (See, Matter of Talandis v Talandis, supra.)
Plaintiff’s further reliance on the court’s finding of an “implicit agreement” in Brown v Brown (226 AD2d 1010), citing to Slagsvol v Schneck (213 AD2d 537), is also misplaced. In Brown, the issue before the Court was whether there had been a mutual mistake between the parties in failing to provide for the termination of maintenance upon the husband’s retirement. The Court, therefore, only needed to determine the intent of the parties at the time that they entered into the agreement in construing that agreement. The issue of extreme hardship was never raised in that case, which issue presents an entirely different standard of review. The decision in Slagsvol is likewise devoid of any discussion of the application of the extreme hardship standard, and, thus, both of these cases are irrelevant to the court’s inquiry here.
The court also finds the decision in Matter of Streit v Streit (237 AD2d 662), cited by plaintiff, to be inapposite. That case involved a separation agreement that in fact merged into the divorce judgment, and, therefore, involved a different standard of review. However, this case does in fact provide yet another example of a court exercising its authority to modify divorce judgments, where, after acknowledging the agreed-upon standard of review expressly contained in the separation agreement, and after construing the agreement and finding that the parties had not intended to supersede the statutory standard for modifications under Domestic Relations Law § 236 (B) (9) (b), the Court disregarded the standard set forth in that agreement and went on to apply the stricter statutory standard, deciding the case on the merits after full consideration of the facts.
Having found that this court does have the power to modify the maintenance provisions of the parties’ judgment of divorce, the court must next decide whether defendant has sustained his burden under Domestic Relations Law § 236 (B) *956 (9) (b) of demonstrating extreme hardship. This court finds, based upon a review of the full record before it, consisting of all the affidavits and exhibits submitted by the parties in support of their respective positions, and the written and oral arguments of counsel, that defendant has met his burden.
Defendant has established, by competent medical proof in admissible form, that he is suffering from coronary artery and carotid atherosclerosis disease, and is under a full and total medical disability as a result thereof. Defendant, now 65 years of age, currently resides in the State of Michigan with family members and is unemployed, due to a combination of his failed business in downtown Schenectady which was forced to close its doors for good in July 1995, and his deteriorating health, both of which were unforeseeable and unavoidable. Defendant is currently receiving as his sole source of income Social Security in the amount of $1,083 per month. Defendant’s current net worth, as indicated on his sworn statement of net worth, is approximately $1,400.
When defendant’s current circumstances are compared to his circumstances that existed at the time of entry of the judgment of divorce in 1987, namely, when defendant’s income at that time was approximately $21,000 per year, and his net worth at that time was approximately $366,000, there is no question in this court’s mind that continued compliance with a maintenance obligation of $1,460 per month will cause defendant to suffer extreme hardship.
The fact that defendant is currently unemployed and a recipient of Social Security disability benefits is undisputed by plaintiff. Furthermore, since plaintiff, after noticing defendant for a medical examination, decided to withdraw her notice and thereby waived her right to have defendant examined by a physician of her choice, the medical proof submitted by defendant remains unrebutted. As a result, there are no genuine issues of any material facts which would require an evidentiary hearing to be held in this matter. (Cf., Soba v Soba, 213 AD2d 472, supra.)
In addition, the court does not find that defendant’s cross motion is barred by the doctrine of res judicata due to the prior Family Court proceedings between these parties. After considering the various factors of the “full and fair opportunity test” as set forth in Siegel, New York Practice § 467, the court declines to apply res judicata in this case.
Accordingly, based on the above finding of extreme hardship, the court hereby terminates defendant’s maintenance obliga *957 tion to the plaintiff pursuant to their judgment of divorce, effective July 14, 1997 (the date of the filing of defendant’s notice of cross motion). However, the court finds that defendant has failed to show good cause for his failure to apply for relief from his maintenance obligation prior to the accrual of arrears since November 1996, and therefore will not vacate any arrears, or prior judgments issued by the Schenectady County Family Court. (See, Domestic Relations Law § 236 [B] [9] [b]; Soba v Soba, supra, at 473.)
Turning now to plaintiff’s request for an order holding defendant in contempt of court for his failure to comply with the judgment of divorce, the court finds, based on all of the foregoing, that defendant’s failure to comply with his maintenance obligation was not willful, and, therefore, denies plaintiff’s request for a finding of contempt. (See, Matter of Talandis v Talandis, 233 AD2d 689, supra.) Likewise, plaintiff’s request for an award of counsel fees for the preparation of this motion, given the above rulings, is hereby denied.