■ In the Matter of the Estate of AARON W. DAVIS, Deceased. SONIA DAVIS, Appellant; HILDA ROSENTHAL, Respondent.— In a proceeding by the administratrix for a judicial determination of the validity of a portion of a certain claim against the intestate, the claimant appeals from so much of a decree of the Surrogate's Court, Queens County, dated November 8, 1968, as adjudged said portion of the claim invalid and unenforceable and disallowed it. Decree reversed insofar as appealed from, on the law and the facts, with $10 costs and disbursements to appellant, payable out of the estate, and (1) claim adjudged valid in full, and (2) proceeding remitted to the Surrogate's Court with direction (a) to determine, actuarially or otherwise, how much of the decedent's estate shall be deposited or held in trust to guarantee the payments in question to appellant and (b) to enter a decree consistent herewith, including a direction that, as to those payments which have already accrued and will accrue in the future, the administratix shall make payment to appellant at the rate of $50 per week from the time of the decedent's death. The claim is by the former wife of the decedent for weekly support payments of $50 allegedly due her under a separation agreement which (1) requires the payments "to continue during her lifetime or until such time as the wife

shall remarry " and (2) makes all provisions of the agreement " binding upon the respective heirs, next-of-kin, executors, administrators and assigns of the parties hereto." It is the opinion of this court that both these provisions of the agreement manifest a clear intention by the decedent to make the support payments survive his death and become an obligation of his estate (*Matter of Howe,* 15 Misc 2d 1044, affd. 8 A D 2d 720). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.