■ OLIVE M. DAYE, Respondent, v LESLIE G. DAYE, Appellant.—Order unanimously affirmed with costs. Memorandum: Respondent appeals from an order of Family Court which modified a prior settlement agreement and judgment of divorce to extend indefinitely respondent's obligation to pay petitioner maintenance of $50 per week. By the terms of the

agreement and divorce decree, respondent's maintenance obligation was originally limited to 18 months' duration. On appeal, respondent contends that the separation agreement was incorporated but not merged into the divorce decree; that there was no fraud or misrepresentation in connection with the separation agreement; and that petitioner has failed to show circumstances warranting modification.

Petitioner has shown extreme hardship, an inability to be self-supporting, and a substantial change in circumstances (see, Domestic Relations Law § 236 [B] [9] [b]). The hearing evidence shows that, unless she continues to receive maintenance payments of $50 per week, petitioner will be unable to be self-supporting and thus will incur extreme hardship. The record establishes that her sole other income is $214 per month in Social Security benefits, which is less than half the amount necessary to meet her modest expenses. Further, petitioner established a change of circumstances as a result of her deteriorating health, respondent's remarriage, and the parties' failure to realize any profits from respondent's invention. In the circumstances, respondent was properly ordered to continue to pay petitioner $50 per week in maintenance. (Appeal from Order of Jefferson County Family Court, Hunt, J.—Modify Support.) Present—Dillon, P. J., Doerr, Denman, Green and Lowery, JJ.