■ MICHAEL D. HAYDOCK, Appellant, v ROSE A. HAYDOCK, Respondent. [655 NYS2d 136] —Spain, J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered August 2, 1995 in Albany County, which, *inter alia*, denied plaintiff's motion for termination of his maintenance obligation and to change the pension option set forth in the parties' separation agreement, and (2) from an order of said court, entered August 2, 1995, which, *inter alia*, directed that plaintiff's retirement benefits be paid to defendant pursuant to the parties' separation agreement.

The parties were married in 1974. In December 1991, the parties executed a separation agreement wherein plaintiff agreed to pay defendant maintenance in the amount of $200 per week; pursuant to the agreement plaintiff's obligation would terminate upon the happening of one of five specified events. It is notable that a change in plaintiff's employment status was not included as one of the specified events. The separation agreement also states "that upon the application for retirement * * * [plaintiff] shall elect the maximum then available joint and survivor annuity option as designated by [defendant] in order to benefit [defendant], said option being the 'Joint Allowance-Full' option or an equivalent thereto". In December 1992 the parties divorced and a judgment of divorce was entered wherein the separation agreement was incorporated but not merged.

In June 1995, plaintiff was informed that his job was being eliminated; however, he was offered and accepted an early retirement incentive package. Thereafter, plaintiff moved for

an order allowing him to terminate his maintenance obligation and change the pension benefit option set forth in the parties' separation agreement. Defendant opposed plaintiff's motion and cross-moved seeking, *inter alia*, enforcement of the terms of the separation agreement and counsel fees. After oral argument, Supreme Court denied plaintiff's motion in its entirety and granted defendant's cross motion, including $1,000 in counsel fees. The court also issued a separate order (hereinafter the domestic relations order) compelling plaintiff to receive his retirement benefits pursuant to the "Joint Allowance-Full" option in accordance with the separation agreement. Plaintiff now appeals from both orders.

Initially, we reject plaintiff's contention that he was entitled to a hearing to determine defendant's portion of plaintiff's early retirement package. The record reveals that plaintiff's order to show cause sought only to modify the terms of the separation agreement so as to change the pension option from a joint and survivor annuity option, which maximizes benefits to defendant, to an option with no survivor benefit which would provide both parties with a greater amount of income during their lives. Notably, plaintiff did not raise before Supreme Court any issue regarding defendant's portion of his early retirement package; further, he acknowledged in his papers that the particulars of the early retirement pension benefits that he would be receiving were unavailable at that time. Plaintiff's argument that a hearing should have been held to determine defendant's share of his early retirement package is being raised for the first time on appeal and, therefore, is not properly before this Court (*see generally, General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759; *Gunzburg v Gunzburg*, 152 AD2d 537, 538).* In any event, in the absence of any specific details of plaintiff's early retirement package there was insufficient evidence before Supreme Court to warrant a hearing with respect to determining defendant's share. Moreover, plaintiff failed to submit sufficient evidence to justify a change in his pension option. In our view, Supreme Court correctly denied plaintiff's request

* Defendant, in her brief, asserts that on June 27, 1995, the day after the order to show cause was filed and before Supreme Court determined the matter, plaintiff executed a document electing a single life-allowance pension option, which election has been filed with the New York State Retirement System and cannot be retracted. A copy of plaintiff's election of the single life-allowance option was submitted in support of a cross motion by defendant to dismiss plaintiff's appeal and is on file with the Clerk of this Court. According to defendant, said election by plaintiff is the subject of a pending enforcement application by defendant in Supreme Court.

and issued the domestic relations order based upon said terms of the separation agreement in accordance with the judgment of divorce.

We also reject plaintiff's contention that Supreme Court erred by denying his request for termination of his maintenance obligation. It is beyond cavil that a maintenance obligation arising from a separation agreement will not be modified absent a showing of extreme hardship (*see, Matter of Talandis v Talandis*, 233 AD2d 689, 690; *Sheridan v Sheridan*, 225 AD2d 604, 605; *see also*, Domestic Relations Law § 236 [B] [9] [b]); further, in the absence of a prima facie case establishing an entitlement to a downward modification of maintenance, an applicant has no right to a hearing (*see, Matter of Zinkiewicz v Zinkiewicz*, 222 AD2d 684, 685). Here, the information presented and relied upon by plaintiff in his statement of net worth seeking to establish extreme hardship was based on plaintiff's hypothetical election of the "Joint Allowance-Full" option whereby he would receive an estimated yearly income of $20,565 upon retirement. We conclude that plaintiff's subsequent election of the single life- allowance option, the day after the order to show cause was filed, rendered moot the issue of whether plaintiff would encounter extreme hardship in his financial condition, especially when he submitted no evidence raising an issue of extreme hardship based upon the single life-allowance option which he estimates will yield him a yearly income of more than $34,000.

We do find merit, however, in plaintiff's contention that Supreme Court's award of counsel fees was error. The separation agreement provides for reasonable counsel fees in the event defendant has to seek "the enforcement of any of the terms, conditions and/or provisions" of the agreement. Part of defendant's cross motion sought the enforcement of the life insurance provision of the separation agreement. Supreme Court granted defendant's request ordering plaintiff to reinstate the life insurance which he had allowed to lapse and awarded defendant $1,000 for counsel fees based upon the assertions of defendant and her attorney that her bill for legal services totaled $3,000..

Although awarding counsel fees was within the discretion of Supreme Court and in accordance with the parties' separation agreement (*see, Leifer v Leifer*, 230 AD2d 717, 718), a hearing was required to determine the appropriate amount of the $3,000 fee which was attributable to the enforcement of the separation agreement. Not all of the legal services provided to defendant were the result of the cross motion by defendant for

the enforcement of the separation agreement. Rather, services to defendant also involved defending plaintiff's motion. Defendant submitted a retainer agreement establishing that $1,500 had initially been paid. However, there is no indication in the submitted papers as to how much of the $3,000 legal bill was related to the enforcement of the separation agreement or the number of hours spent thereon (see, *Silberman v Silberman*, 216 AD2d 41, 41-42, *appeal dismissed* 86 NY2d 835; *Matter of Vitek v Vitek*, 170 AD2d 908, 909-910; *cf., Fishkin v Fishkin*, 201 AD2d 202, 208). Absent a stipulation, counsel fees cannot be awarded based solely on the affirmation of counsel (see, *Fishkin v Fishkin, supra*, at 208; *Silverman v Silverman*, 193 AD2d 595). Evidence should be submitted to establish what portion of defendant's legal bill is attributable to the enforcement of the separation agreement as opposed to defending plaintiff's motion to terminate maintenance and change his pension option. Accordingly, defendant's application for counsel fees should be explored at a hearing.

Mikoll, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order denying plaintiff's motion is modified, on the law, without costs, by reversing so much thereof as awarded counsel fees to defendant; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the domestic relations order is affirmed, without costs.