■ Lloyd Barden, Appellant, v Lucille Barden, Respondent. [664 NYS2d 859] —Spain, J. Appeal from an order of the Supreme Court (Coutant, J.), entered November 6, 1996 in Broome County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

After 45 years of marriage, plaintiff and defendant were divorced on January 29, 1993. On December 17, 1992, the parties entered into an oral stipulation which was not merged into the judgment of divorce. Pursuant to the terms of the stipulation, plaintiff agreed that, commencing on February 1, 1993 and continuing for a five-year period, he would pay defendant maintenance in the amount of $17,500 in equal monthly installments and that, in addition, he would pay her maintenance of $300 per week for the rest of her life.

---

* It should be noted that only Phaneuf responded to plaintiff's appeal.

In February 1996, plaintiff commenced this action seeking the downward modification of his maintenance obligation alleging a substantial and unanticipated change in his financial circumstances. Defendant served an answer and counterclaim seeking to recover arrears in maintenance payments. Thereafter, both parties moved for summary judgment and Supreme Court, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint. This appeal by plaintiff ensued.

Initially, it is well settled that in order to obtain the downward modification of a maintenance obligation set forth in a stipulation that has not been merged into a judgment of divorce, the party seeking such modification must demonstrate extreme hardship (*see, Haydock v Haydock*, 237 AD2d 748, 750; *Matter of Alice C. v Bernard G. C.*, 193 AD2d 97, 111; *Katz v Katz*, 188 AD2d 827; *see also*, Domestic Relations Law § 236 [B] [9] [b]). In addition, absent a prima facie showing of one's entitlement to downward modification, there is no necessity for a hearing (*see, Haydock v Haydock, supra*, at 750).

Under the particular circumstances presented here, we find no error in Supreme Court's dismissal, without a hearing, of plaintiff's application for the downward modification of his maintenance obligation. While plaintiff averred that his financial circumstances have steadily worsened subsequent to the date of the stipulation due to the decline in the home building industry, a perusal of his tax returns fails to substantiate this claim. Indeed, these records reveal neither a progressive growth nor a decline in plaintiff's business, but rather inconsistent earnings from year to year. For example, while plaintiff's business returned a net profit of only $12,080 in 1992, it returned a net profit of $26,769 in 1993. In 1994, it suffered a net loss of $7,719, but in 1995 it returned a net profit of $19,910. In view of this, as well as plaintiff's failure to show that the continued payment of the maintenance obligations set forth in the stipulation will cause him extreme hardship, we find no reason to disturb Supreme Court's order (*cf., Matter of Talandis v Talandis*, 233 AD2d 689).

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.