■ SYLVIA M. HAWLEY, Respondent, v WALTER W. HAWLEY, JR., Appellant. [669 NYS2d 406] —Crew III, J. Appeal from an order and judgment of the Supreme Court (Coutant, J.), entered

November 18, 1996 in Broome County, which, *inter alia*, granted plaintiff's motion for summary judgment.

In December 1986, the parties entered into a written separation agreement that provided, in relevant part, that defendant would pay maintenance in the amount of $160 per week beginning in October 1987 and continuing throughout plaintiff's lifetime, unless she remarried. Additionally, defendant agreed that he would procure $50,000 of term life insurance naming plaintiff as the beneficiary, with the premium for said policy to be divided equally between the parties. The separation agreement was not merged into the judgment of divorce awarded by Supreme Court in 1990.

Defendant apparently fulfilled his obligation to pay maintenance until November 1994, at which time such payments allegedly ceased and defendant failed to procure the subject insurance policy. Although not entirely clear from the record, it appears that defendant's failure to perform in accordance with the terms of the separation agreement stemmed from his loss of employment at IBM. Plaintiff thereafter commenced this action against defendant seeking, *inter alia*, maintenance arrears. Defendant answered, raising various affirmative defenses, and counterclaimed for rescission or reformation of the separation agreement. Plaintiff's subsequent motion for summary judgment was granted and this appeal by defendant ensued.

It is well settled that where, as here, a separation agreement is not merged into a judgment of divorce, the maintenance obligation arising from such separation agreement will not be modified absent a showing of "extreme hardship" (*Barden v Barden*, 245 AD2d 695, 696; *Haydock v Haydock*, 237 AD2d 748, 750; *see also*, Domestic Relations Law § 236 [B] [9] [b]). In opposition to plaintiff's motion, defendant averred that his separation from his employment at IBM was involuntary and that his subsequent attempts to secure employment yielded only part-time or minimum wage positions. As to economic impact, defendant averred that although his pension (assuming retirement at age 65) initially was projected to be $29,352 annually, exclusive of Social Security benefits, his forced early retirement resulted in an annual yield of $19,672 with no Social Security benefits. Thus, even factoring in defendant's projected income from part-time employment ($4,550), defendant's annual maintenance obligation to plaintiff under the terms of the separation agreement, which amounts to $8,320, is in excess of one third of his postretirement income. In our view, the foregoing proof is sufficient to raise a question of fact as to whether

the continued enforcement of the separation agreement's maintenance and insurance provisions would pose an extreme hardship to defendant. Accordingly, plaintiff's motion for summary judgment must be denied, except to the extent that defendant seeks modification or annulment of those maintenance arrears that accrued prior to filing his answer in this matter.

In accordance with Domestic Relations Law § 236 (B) (9) (b), no maintenance arrears that have accrued prior to the making of an application for modification or annulment shall be subject to modification or annulment "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears". Here, defendant made no effort to modify his maintenance obligation until plaintiff commenced suit, and the record before us fails to disclose good cause for his failure to do so. We therefore conclude that plaintiff is entitled to summary judgment as to those arrears that accrued between the date of defendant's default and the date that defendant interposed an answer. As to any arrears that accrued after defendant filed his answer, plaintiff's motion for summary judgment is denied.

Finally, we do not perceive any error with respect to Supreme Court's dismissal of defendant's counterclaim for rescission or reformation of the parties' separation agreement, as the record fails to disclose the existence of a mutual mistake at the time the agreement was executed. Defendant's remedy, if any, is to establish at trial that the continued enforcement of the separation agreement would constitute an extreme hardship.

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment regarding modification or annulment of those maintenance arrears that accrued after defendant interposed his answer in this action; motion denied to that extent; and, as so modified, affirmed.