RITA A. MARRANO, Appellant, v MICHAEL MARRANO, Respondent. [804 NYS2d 215]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 2, 2004. The order, inter alia, confirmed the report of the Referee, which granted the cross motion of defendant to reduce his maintenance obligation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Pursuant to the parties' 1994 separation agreement, which was incorporated but not merged into the judgment of divorce, defendant agreed to pay plaintiff $40,000 in maintenance per year. In May 2001, plaintiff sought enforcement of that provision, and defendant cross-moved for a reduction in maintenance. Plaintiff contends that Supreme Court erred in confirming the report of the Referee, which granted the cross motion of defendant by reducing the award of maintenance to plaintiff to $22,000 per year. We reject that contention.

We note at the outset that the Referee erred in finding that, although defendant did not meet his burden of establishing "extreme hardship," defendant nonetheless was entitled to a reduction in his maintenance obligation based on "a substantial

change in his economic circumstance due to factors outside of his control." It is well settled that in a case such as this, where a party seeks to reduce the amount of maintenance recited in a separation agreement that has been incorporated but not merged into a judgment of divorce, that party must make "a showing of extreme hardship" (Domestic Relations Law § 236 [B] [9] [b]; *see Mishrick v Mishrick*, 251 AD2d 558 [1998]; *Hawley v Hawley*, 247 AD2d 806, 807-808 [1998]; *Didley v Didley*, 194 AD2d 7, 10 [1993]; *Matter of Cohen v Seletsky*, 142 AD2d 111, 117-118 [1988]).

Upon the exercise of our independent power of factual review (*see generally Matter of Baumgartner v Baumgartner* [appeal No. 2], 226 AD2d 1104 [1996]), we nevertheless affirm the order on appeal. The record establishes that defendant earned approximately $174,000 from his real estate development business in 1994 but that, by 1999, his earnings were reduced to approximately $18,000. Further, the gross income from his business was approximately $1,810,000 in 1995 but was reduced to $295,000 in 1999. Indeed, plaintiff did not controvert the evidence presented by defendant that his company, valued at $150,000, would produce a yearly income for defendant of $56,557 over the next three years, and that his approximate yearly personal expenses would be $50,400. His only other assets at the time of the hearing were $300 in a bank account and $15,000 in equity in his home. We therefore conclude that defendant met his burden of establishing that his continued payment of $40,000 per year to plaintiff would result in the requisite extreme hardship to warrant reduction of his maintenance obligation (*see Matter of Talandis v Talandis*, 233 AD2d 689, 690 [1996]; *see also Hawley*, 247 AD2d at 807-808; *cf. Malaga v Malaga*, 17 AD3d 642, 643 [2005]; *Barden v Barden*, 245 AD2d 695, 696 [1997]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Smith, JJ.