**33** FRANCES MORRISSEY, Respondent, v DANIEL MORRISSEY, Appellant. [876 NYS2d 731]—

Cardona, P.J. Appeal from an order of the Supreme Court (Platkin, J.), entered June 13, 2008 in Albany County, which, among other things, denied defendant's motion to modify his maintenance obligations.

After 20 years of marriage, the parties separated in 1993 and entered into a stipulation which provided, among other things, that "[a]fter the youngest child is out of school" defendant would pay "plaintiff two-hundred and fifty dollars ($250.00) per week" in nondurational maintenance, and that plaintiff would receive one half of defendant's retirement or pension benefits. The stipulation was later incorporated into the judgment of divorce, but not merged therein.[1] Thereafter, in 2002, defendant accepted his employer's incentive offer to retire early in exchange for a lump-sum distribution of approximately $304,202, which was divided with plaintiff pursuant to the stipulation. Defendant thereafter continued to comply with his maintenance obligation until 2006 when he and his current spouse relocated to South Carolina without notifying plaintiff. Subsequently, in February 2008, plaintiff moved, by order to show cause, to enforce the parties' stipulation. Alleging extreme hardship, defendant, in March 2008, brought an application seeking, among other things, to annul his arrears and prospective obligation to pay maintenance. Plaintiff cross-moved for, among other things, a judgment of arrears. Supreme Court denied defendant's application without a hearing and, among other things, granted plaintiff an interim judgment in the amount of the arrears, prompting this appeal.[2]

Defendant contends that Supreme Court erred in dismissing his application seeking a downward modification of maintenance without a hearing. Notably, "a maintenance obligation arising from a separation agreement will not be modified absent a showing of extreme hardship" (*Haydock v Haydock*, 237 AD2d

1. We note that, while preparing to submit a qualified domestic relations order related to that payment, defendant's counsel discovered that the judgment of divorce, although granted in 1993, had not been entered. Upon the parties' joint motion, they were granted a judgment of divorce "deemed effective, nunc pro tunc as of July 16, 1993."

2. As limited by his brief, defendant challenges only the summary denial of his request for prospective relief from his maintenance obligation and not the payment of arrears.

748, 750 [1997]).[3] Under the circumstances herein, to be entitled to a hearing concerning reducing maintenance, the movant must present a prima facie showing of extreme hardship (*see Barden v Barden*, 245 AD2d 695, 696 [1997]; *Matter of Zinkiewicz v Zinkiewicz*, 222 AD2d 684, 685 [1995]).

Here, as noted by Supreme Court, the proof submitted by defendant falls "short of demonstrating the type of extreme financial hardship necessary for modification of the incorporated Stipulation." Notably, defendant submitted only minimal information regarding his finances and household income. The statement of net worth sets forth that the monthly household expenses of defendant and his spouse are approximately $3,300 while their monthly household income is approximately $5,500. Although defendant maintains that the court failed to take into account the diminishment of his income after he took early retirement and began lower-paying employment, voluntary retirement does not generally trigger a hearing, especially given the absence of proof demonstrating the "requisite showing of extreme hardship" (*Matter of Dube v Horowitz*, 258 AD2d 724, 726 [1999]). Based upon the proof submitted, we cannot conclude that the court abused its discretion in denying the motion without a hearing.

Defendant's remaining arguments in support of a hearing have been examined and found to be unpersuasive.

Mercure, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

**3.** Contrary to defendant's argument, we are satisfied that a review of Supreme Court's decision, read as a whole, demonstrates that the court considered the appropriate legal standard in rendering its decision.