In the Matter of THERESA C. CRANSTON, Respondent, v ROBERT T. HORTON, Appellant. (And Three Other Related Proceedings.) [953 NYS2d 317]—

Spain, J.

Petitioner (hereinafter the wife) and respondent (hereinafter the husband) are the divorced parents of four children (born in 1987, 1989, 1991 and 1998). In 2007, the parties executed a detailed property settlement agreement which was incorporated, but not merged, into their subsequent judgment of divorce. In four separate proceedings commenced between January 2009 and January 2010, the parties sought enforcement (wife) and modification (husband) of various terms of the agreement, resulting in a trial before a Support Magistrate, who issued an order in each proceeding to resolve the parties' disputes. Upon objections by the husband to all four orders, Family Court issued an extensive decision whereby, among other things not pertinent to this appeal, it modified the husband's child support obligation based on their eldest son's emancipation and upon the husband's reduced earnings, denied the husband's request for modification of his maintenance obligation and implicitly affirmed the Support Magistrate's determination that each parent be responsible for 33% of each child's net college expenses. With respect to the wife's allegation—in her second petition—that the husband was in willful violation of his child support obligations, the court reserved decision pending an updated report from the support collection unit, further submissions and argument of counsel. Without waiting for a final decision on willfulness, the husband now appeals, and we affirm.

The husband asserts on appeal that Family Court erred in declining to modify his "support obligations" without making

any clear distinction in his argument between his child support and his maintenance obligations. Significantly, Family Court did modify the husband's child support obligation[1] and, inasmuch as he now makes no specific challenge to the calculation of that reduced amount, we find no reason to disturb that finding (*see Matter of Flanigan v Smyth*, 90 AD3d 1107, 1108 [2011]; *Matter of Phelps v La Point*, 284 AD2d 605, 609 n 5 [2001]).

We also decline to interfere with Family Court's decision to deny the husband's request for a reduction in his maintenance obligation. Where, as here, the parties' settlement agreement was incorporated into the judgment of divorce, no modification as to maintenance shall be made without a showing of extreme hardship (*see* Domestic Relations Law § 236 [B] [9] [b] [1]; *Morrissey v Morrissey*, 61 AD3d 1089, 1090-1091 [2009]). While the husband alleged a change in circumstances through proof that he had been terminated from his employment as an airplane mechanic, the record establishes that the husband did obtain temporary employment and he failed to submit any evidence of his monthly expenses. Under these circumstances, his proof fell short of establishing extreme hardship warranting a change in his maintenance obligation (*see Morrissey v Morrissey*, 61 AD3d at 1091; *Haydock v Haydock*, 237 AD2d 748, 750 [1997]).

Finally, the husband challenges the Support Magistrate's determination, affirmed by Family Court, that each party contribute 33% towards the reasonable educational expenses of their unemancipated children.[2] Specifically, the husband argues that this obligation is in contravention of the parties' settlement agreement and that it fails to take into account his reduced earnings. The agreement provided that each party "shall assist with the children's reasonable college educational expenses according to their relative means and abilities at the time of attendance." Contrary to the husband's suggestion, the equal contribution level fixed by Family Court does not conflict with this provision. Indeed, even at the reduced adjusted gross income level that Family Court allocated to the husband ($63,000, reduced from $98,314.70 reflected in the agreement),

1. After eliminating the husband's child support obligation with respect to his emancipated son, Family Court also reduced the husband's adjusted gross income based on evidence that his employment had changed, resulting in a reduced monthly child support obligation and proportionate share of health care costs to $1,757.97, a significant change from the $2,550.12 reflected in the parties' settlement agreement.

2. Contrary to the wife's argument, we find that this argument is properly before us. Family Court specifically referenced each petition in its order and the husband's notice of appeal states that he "appeals from each and every part" of Family Court's order.

the husband's income still far exceeds the wife's (fixed in the agreement at $23,554.64). Thus, the husband is in no position to claim an injustice based upon equal contributions by the parties to their children's educational expenses. The husband also asserts that his contribution fails to account for the fact that he is paying a student loan for Robert in the amount of $18,500 and that he cosigned other loans with Robert of approximately $30,000. The parties, however, expressly and separately considered student loans in the agreement where they provided that "as long as Robert is in college, the husband will co-sign the necessary loans for him to attend." Thus, we find no credence to the husband's contention that Family Court impermissibly rewrote the parties' agreement in affirming the Support Magistrate's determination regarding educational expenses. Although the husband also claims credits against his educational support obligation for education-related expenses for which he already allegedly paid, he failed to specifically raise these issues in his petition or in his objections to Family Court's order. As these issues were not addressed by the Support Magistrate or Family Court, we will not entertain them on appeal (*see Severing v Severing,* 97 AD3d 956, 957 [2012]; *Matter of Christiani v Rhody,* 90 AD3d 1090, 1091 [2011], *lv denied* 18 NY3d 809 [2012]).

Peters, P.J., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.