■ Dale E. McKay, Appellant, v Cherri McKay, Respondent. [964 NYS2d 283]—

Egan Jr., J. Appeal from an order of the Supreme Court (McNamara, J.), entered August 17, 2012 in Albany County, which, among other things, granted defendant's motion to modify a stipulation of settlement.

In January 2007, plaintiff (hereinafter the husband) and defendant (hereinafter the wife) entered into an open-court stipulation of settlement, pursuant to the terms of which the husband agreed to, among other things, pay the wife maintenance in the amount of $1,300 per month for 3½ years. The maintenance award was expressly premised upon the recognition that the wife was at that time unemployed, unemployable and disabled—due to her various physical/mental conditions and/or impending status as a full-time student—and acknowledged the wife's plans to file for Social Security disability benefits. The parties' stipulation was incorporated but not merged into their May 2007 judgment of divorce.

In December 2010, the wife moved by order to show cause seeking, among other things, an extension of the previously ordered maintenance payments. Supreme Court, among other things, ordered the husband to pay maintenance for an additional 20 months—covering the period from October 2010 through June 2012—beginning September 1, 2012. This appeal by the husband ensued.

Although the parties now debate whether they agreed to forgo a hearing, we are satisfied—based upon our review of the record as a whole—that an adequate evidentiary basis existed for Supreme Court to evaluate the parties' respective financial cir-

cumstances and resolve the wife's application on the basis of the parties' written submissions (*cf. Dow v Dow*, 80 AD3d 848, 849 [2011]). Turning to the merits, "[a] party seeking to modify a separation agreement that is incorporated but not merged into a judgment of divorce must demonstrate that the agreement was not fair and equitable when entered into or that an unanticipated and unreasonable change in circumstances has occurred[;] [s]uch unforeseen circumstances must result in extreme financial hardship in order to warrant a modification of the incorporated agreement" (*Houle v Houle*, 304 AD2d 992, 993 [2003] [internal quotation marks and citations omitted]; *see* Domestic Relations Law § 236 [B] [9] [b]; *Matter of Cranston v Horton*, 99 AD3d 1090, 1091 [2012]; *Cashin v Cashin*, 79 AD3d 963, 964 [2010]; *Rockwell v Rockwell*, 74 AD3d 1045, 1045 [2010]; *Morrissey v Morrissey*, 61 AD3d 1089, 1090 [2009]; *Malaga v Malaga*, 17 AD3d 642, 643 [2005]).[1]

Here, the wife does not contend that the agreement was unfair and inequitable when entered into, and we do not find that the wife met her burden of demonstrating that an unanticipated and unreasonable change in circumstances resulting in extreme financial hardship has occurred since the parties crafted the maintenance provision. As noted previously, the parties expressly recognized the wife's employment status and prospects, as well as the existence and nature of her disabilities, her plans to apply for disability benefits and her anticipated status as a full-time student, at the time they entered into the stipulation of settlement. While it is true that the wife did not return to school in as timely a fashion as originally planned, the record reflects that the delay in this regard was occasioned by a combination of the wife's incarceration (following her third driving while intoxicated conviction in four years and her subsequent violation of probation), participation in various substance abuse treatment programs and efforts to start her own business. Similarly, although the wife subsequently qualified for various forms of federal assistance, any eligibility determination made by the Social Security Administration is not binding upon Supreme Court (*cf. Matter of Zuckerberg v New York State Comptroller*, 46 AD3d 1057, 1059 [2007], *lv denied* 10 NY3d 712 [2008]), nor is that administrative determination entitled to preclusive effect for purposes of ascertaining whether the wife demonstrated extreme hardship within the meaning of Domestic Relations Law § 236 [B] [9] [b] (*see generally Matter*

---

1. In the context of a matrimonial action, there is no meaningful distinction between a separation agreement and a stipulation of settlement (*see Grunfeld v Grunfeld*, 123 AD2d 64, 68 [1986]).

*of Cook v City of Utica*, 88 NY2d 833, 835 [1996]). Moreover, the wife's assertion that she cannot work is belied by her prior efforts to start her own business, is undercut by her stated plans to become a counselor after completing her education[2] and, more to the point, is not substantiated by the testimony of her treating psychiatrist.[3] Finally, in light of the documented inaccuracies in and omissions from the wife's statement of net worth, as well as the wife's inability to explain certain deposits made to one of her checking accounts, we find that the wife's proof fell short of demonstrating that she would suffer extreme financial hardship if the requested modification to the stipulation of settlement was not granted (*compare Daye v Daye*, 170 AD2d 963, 964 [1991]).[4] Accordingly, that portion of Supreme Court's order awarding the wife maintenance for an additional 20 months must be reversed. The parties' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Spain and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of defendant's motion awarding her maintenance for 20 months commencing September 1, 2012; motion denied to said extent; and, as so modified, affirmed.

 ---

2. The wife was scheduled to graduate in May 2012, and she testified that she was doing well academically.

3. The psychiatrist, who had only treated the wife on a few occasions, testified that she could not make a definitive determination as to the wife's ability to work, noting that the wife's success would depend upon the demands of the particular job.

4. Notably, despite her alleged inability to make ends meet, the wife admitted that she continued to "play the horsies" and visit a local racino.