# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**68**

**CA 14-01343**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND WHALEN, JJ.

---

RONALD P. LEO, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

PAMELA S. LEO, DEFENDANT-RESPONDENT.

---

DADD, NELSON, WILKINSON & WUJCIK, ATTICA (JENNIFER M. WILKINSON OF COUNSEL), FOR PLAINTIFF-APPELLANT.

WILLIAM R. HITES, BUFFALO, FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John F. O'Donnell, J.), entered October 17, 2013. The order and judgment, among other things, denied the motion of plaintiff to terminate or reduce his payments to defendant for maintenance and a distributive award.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Pursuant to the parties' 1998 separation agreement, which was incorporated but not merged into the judgment of divorce, plaintiff, inter alia, agreed to pay defendant $1,666.66 in maintenance per month and a distributive award of $1,058.80 per month; to maintain a $250,000 life insurance policy for the benefit of defendant; and to provide defendant with health and dental insurance. The monthly distributive award was subsequently modified to $700 per month by court order. In September 2011, plaintiff moved to terminate or reduce his obligations to defendant based on financial hardship, and, in May 2012, defendant cross-moved for enforcement of plaintiff's obligations under the separation agreement. Supreme Court denied plaintiff's motion and granted defendant's cross motion. We affirm.

Contrary to the parties' contentions with respect to the burden of proof to be applied when a party seeks to reduce the amount of maintenance set forth in a separation agreement that has been incorporated but not merged into a judgment of divorce, that party has the burden of establishing "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b] [1]; *see Marrano v Marrano*, 23 AD3d 1104, 1105; *Mishrick v Mishrick*, 251 AD2d 558, 558). Under the particular circumstances presented here, and giving due deference to the court's credibility determinations (*see generally Quarty v Quarty*, 96 AD3d 1274, 1277), we perceive no error in the court's denial of plaintiff's motion to modify his obligations under the separation agreement (*see*

*Barden v Barden*, 245 AD2d 695, 696; *cf. Marrano*, 23 AD3d at 1105; *Malaga v Malaga*, 17 AD3d 642, 643).

We further conclude that plaintiff "knowingly, consciously and voluntarily disregarded the obligation under a lawful court order" (Domestic Relations Law § 244), and that the court therefore did not err in finding that plaintiff's failure to make the required payments to defendant from October 2011 to September 2013 was willful (*see Rainey v Rainey*, 83 AD3d 1477, 1480).

Entered: February 6, 2015                              Frances E. Cafarell
                                                       Clerk of the Court