*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    519376
_____

CATHERINE M. McKELVEY,
                    Respondent,

          v                                MEMORANDUM AND ORDER

JEFFREY S. McKELVEY,
                    Appellant.
_____

Calendar Date:  February 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____

          Blatchly & Simonson, PC, New Paltz (Bruce D. Blatchly of
counsel), for appellant.

          Rusk Wadlin Heppner & Martuscello, LLP, Kingston (Jason J.
Kovacs of counsel), for respondent.

_____

Lynch, J.

          Appeal from an order of the Supreme Court (Work, J.),
entered January 9, 2014 in Ulster County, which denied
defendant's motion to modify and/or partially vacate certain
support provisions of a prior judgment.

          Plaintiff (hereinafter the wife) and defendant (hereinafter
the husband) were married in 1980.  In October 2009, when the
wife commenced this action for a divorce, the parties had one
unemancipated child.  In November 2009, a Support Magistrate
issued an order directing the husband to pay child support in the
amount of $1,213 per month and nondurational spousal support in
the amount of $2,787 per month.  In June 2010, after the husband
defaulted, Supreme Court held an inquest and, thereafter, issued
findings of fact and conclusions of law and granted the wife a

judgment of divorce. By the terms of the judgment, it is apparent that the parties appeared at the inquest and "agreed on financial issues." Relevant here, the judgment also reflects that the parties agreed to incorporate the Support Magistrate's November 2009 order with regard to spousal and child support into the judgment. In September 2013, the father moved for an order to modify "and/or partially vacat[e]" the spousal support provision of the judgment. Supreme Court denied the motion without a hearing and this appeal ensued.

We find that Supreme Court properly declined to modify the judgment of divorce. Initially, we note that the husband does not explain why he waited more than three years to seek relief from the judgment (see Sieger v Sieger, 51 AD3d 1004, 1006 [2008], appeal dismissed 14 NY3d 750 [2010], lv denied 14 NY3d 711 [2010]; Weimer v Weimer, 281 AD2d 989, 989 [2001]). Generally, a stipulation of settlement made in open court will not be set aside "absent a showing that the stipulation was tainted by mistake, fraud, duress, overreaching or unconscionability" (Fox v Merriman, 307 AD2d 685, 686 [2003]; see Barzin v Barzin, 158 AD2d 769, 770 [1990], lv dismissed 77 NY2d 834 [1991]). Although the husband chose to attend the inquest without legal counsel, that alone does not require us to set aside the agreement (see Liquori v Liquori, 106 AD3d 1249, 1250-1251 [2013]; Korngold v Korngold, 26 AD3d 358, 359 [2006], lv dismissed 7 NY3d 861 [2006]). Here, because the record does not include a copy of the transcript of the agreement made in open court and the husband's affidavit does not indicate why the agreement was unfair or unconscionable at the time it was made, we have no basis to question its validity (see Etzel v Etzel, 22 AD3d 906, 908 [2005]).[1] We can conclude, however, that by duly executing an affidavit of appearance and adoption of oral stipulation on the day of the inquest, which affidavit states that the parties were adopting their oral stipulation "as if the same were fully set forth herein," the parties complied with Domestic Relations Law § 236 (B) (3) (see Birr v Birr, 70 AD3d 1221, 1223 [2010]; Cheruvu v Cheruvu, 59 AD3d 876, 877 [2009]).

---

[1] At oral argument, counsel for both parties acknowledged that no attempt was made to obtain the transcript.

        To the extent that the husband sought to modify the spousal support provision of the agreement that was incorporated into the judgment,[2] we conclude that Supreme Court should not have denied his request without a hearing.  Generally, a party is entitled to a hearing upon such a request if he or she is able to show prima facie evidence of "extreme hardship" (Matter of Cranston v Horton, 99 AD3d 1090, 1091 [2012]; see Morrissey v Morrissey, 61 AD3d 1089, 1090-1091 [2009]).  Here, the husband presented tax returns for years 2008 through 2011.  It is not disputed that the husband was the former owner of a successful corporation and that, due to his default, his support obligation was based on the wife's statement of net worth and the parties' 2008 tax returns. That year, the parties' reported income in the amount of $92,647 and the corporation reported profit in the amount of $548,357. The husband claims that, at some point, the corporation "collapsed" and its property was sold in foreclosure.  In 2012, the husband reported income in the amount of $24,800 and, in 2013, he was earning $800 per week working for the company that purchased "the shell" of his former corporation.  We are mindful that the husband did not submit comprehensive proof to Supreme Court and he did not provide any detail with regard to his monthly expenses (see e.g. Matter of Cranston v Horton, 99 AD3d at 1091; Morrissey v Morrissey, 61 AD3d at 1091).  In our view, however, the undisputed proof indicating that the husband earns, after taxes, less than his monthly support obligation was sufficient to demonstrate prima facie evidence of extreme hardship, and Supreme Court should have held a hearing on his request to modify his support obligation (compare Matter of Talandis v Talandis, 233 AD2d 689, 689-690 [1996]).

        Lahtinen, J.P., Garry and Devine, JJ., concur.

_____

        [2]  As the parties' daughter has turned 21, child support is no longer at issue.

ORDERED that the order is reversed, on the law and the facts, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court