Gardner v Zammit (2020 NY Slip Op 04026)





Gardner v Zammit


2020 NY Slip Op 04026


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


307 CA 19-00300

[*1]JAMES A. GARDNER, PLAINTIFF-RESPONDENT-APPELLANT,
v
WHITNEY ALLYSON ZAMMIT, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KATE RIGHTER GARDNER, DECEASED, DEFENDANT-APPELLANT-RESPONDENT. 






ROBSHAW & VOELKL, WILLIAMSVILLE, LAW OFFICE OF BARBARA A. KILBRIDGE, BUFFALO (BARBARA A. KILBRIDGE OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
JAMES P. RENDA, BUFFALO, FOR PLAINTIFF-RESPONDENT-APPELLANT.


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 14, 2019. The order, inter alia, granted in part the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff and decedent were married in 1982 and divorced in 2005. At the time of the divorce, they entered into a Separation and Property Settlement Agreement (settlement agreement) whereby decedent agreed to pay plaintiff monthly maintenance. The settlement agreement provided that decedent's obligation to pay maintenance would "terminate only upon death of the [h]usband," i.e., plaintiff, and that plaintiff would have an interest in decedent's stock portfolio, evidenced by a contemporaneously executed security agreement, as security for decedent's obligation to pay maintenance during plaintiff's lifetime. The settlement agreement also included a general provision stating that it was binding on "the parties, their heirs, executors, legal representatives, administrators and assigns." The settlement agreement was subsequently incorporated, but not merged, into a judgment of divorce. Following decedent's death in 2016, her estate refused to make further maintenance payments.
Plaintiff commenced this action against decedent's estate seeking, among other things, enforcement of the maintenance provision of the settlement agreement. Defendant answered and asserted as a counterclaim that the maintenance obligation expired on decedent's death or that downward modification was warranted based on her death. Plaintiff thereafter moved for partial summary judgment on the complaint insofar as it sought, as relevant here, a determination that the estate is required to make the agreed maintenance payments for the duration of his lifetime and an award for the amount of unpaid maintenance. Supreme Court granted the motion in part by, inter alia, determining that the estate was required to pay maintenance to plaintiff for his lifetime or until further court order and awarding plaintiff the amount of the unpaid maintenance payments through the date of the order. The court also stated that the amount of maintenance for payments due after the date of the order would be fixed following the court's future determination of defendant's counterclaim for downward modification. Defendant appeals, and plaintiff cross-appeals. We affirm.
Contrary to defendant's contention on her appeal, we conclude that the court properly granted plaintiff's motion insofar as it sought a determination that the estate was obligated to [*2]make maintenance payments to him. A settlement agreement is a contract subject to principles of contract interpretation, and the court "should interpret the contract in accordance with its plain and ordinary meaning" (Matter of Wilson, 138 AD3d 1441, 1442 [4th Dept 2016] [internal quotation marks omitted]). In addition, "[t]he intent to vary the statutory and precedential preference of an end to maintenance payments upon death of the payor must be expressed clearly" (Matter of Riconda, 90 NY2d 733, 737 [1997]). Here, neither party contends that the settlement agreement is ambiguous. We agree with plaintiff that the clause at issue unequivocally permits the termination of the maintenance obligation on the happening of one event only: the death of plaintiff. Further, the settlement agreement makes all provisions of the agreement binding on "the parties, their heirs, executors, legal representatives, administrators and assigns." Thus, plaintiff met his initial burden on the motion of establishing that the maintenance payments were intended to survive decedent's death and become an obligation of her estate (see generally id. at 736-739; Matter of Davis, 32 AD2d 667, 667-668 [2d Dept 1969]), and defendant failed to raise an issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We take this opportunity, however, to remind practitioners of the advice given by the Court of Appeals, eight years before the agreement in this case was drafted, that "[t]o avoid these and other problems for their clients, practitioners would do well to use recommended form clauses providing expressly that maintenance payments will continue—or not—upon the death of either spouse or the remarriage of the recipient spouse, keyed to the drafting-stage intent of both parties reflected in the executed agreement" (Riconda, 90 NY2d at 741).
Plaintiff's challenge on his cross appeal concerning defendant's counterclaim for downward modification of maintenance is not properly before us for review inasmuch as the issue of downward modification was not considered by the court on plaintiff's motion (see generally
Sheldon v Town of Highlands, 73 NY2d 304, 311 [1989]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court