Gardner v Zammit (2021 NY Slip Op 00707)





Gardner v Zammit


2021 NY Slip Op 00707


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


760 CA 20-00192

[*1]JAMES A. GARDNER, PLAINTIFF-APPELLANT,
v
WHITNEY ALLYSON ZAMMIT, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KATE RIGHTER GARDNER, DECEASED, DEFENDANT-RESPONDENT. 






JAMES P. RENDA, BUFFALO, FOR PLAINTIFF-APPELLANT. 
ROBSHAW & VOELKL, WILLIAMSVILLE, LAW OFFICE OF BARBARA A. KILBRIDGE, BUFFALO (BARBARA A. KILBRIDGE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 12, 2019. The order, insofar as appealed from, denied the motion of plaintiff for summary judgment seeking the dismissal of defendant's counterclaim for a downward modification of maintenance. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: On a prior appeal, we determined that the Separation and Property Settlement Agreement (settlement agreement) between plaintiff and defendant's decedent, which was incorporated but not merged into a judgment of divorce, unequivocally provided that the maintenance payments to plaintiff were intended to survive decedent's death and become an obligation of her estate (Gardner v Zammit, 185 AD3d 1405, 1406 [4th Dept 2020]). Plaintiff now appeals from an order insofar as it denied his motion for summary judgment seeking dismissal of defendant's counterclaim for downward modification of the maintenance obligation. We affirm.
Plaintiff contends that Supreme Court erred in denying the motion on the ground that defendant's counterclaim for downward modification pleaded an incorrect legal standard and, therefore, failed to state a cause of action. That contention is devoid of merit. The law is clear that "[p]leadings shall be liberally construed" and that "[d]efects shall be ignored if a substantial right of a party is not prejudiced" (CPLR 3026). Here, affording the counterclaim the requisite liberal construction, we conclude that defendant indisputably sought a downward modification of the maintenance obligation under the settlement agreement and merely recited the wrong legal standard by which she would have to establish entitlement to such relief. Moreover, plaintiff is aware that defendant has to show "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b] [1]), which defendant repeatedly acknowledged as the correct legal standard in the proceedings below and does not dispute on appeal. Plaintiff was not prejudiced by the error in the counterclaim, and thus the defect must be ignored (see CPLR 3026).
Next, inasmuch as plaintiff expressly assumes that defendant has "standing" to seek a downward modification pursuant Domestic Relations Law § 236 and thus does not raise on appeal any challenge related thereto, that issue is not properly before us (see Matter of Wilson v McGlinchey, 305 AD2d 879, 880-881 [3d Dept 2003], affd 2 NY3d 375 [2004]; Town of N. Hempstead v Village of N. Hills, 38 NY2d 334, 341-342 and n 4 [1975]). Instead, plaintiff contends that the court erred in denying the motion on the ground that "the parties contractually eliminated prospective modification" of the maintenance obligation by the terms of the settlement agreement and a contemporaneously executed security agreement. We conclude that [*2]plaintiff's contention lacks merit (see generally Katz v Katz, 188 AD2d 827, 827 [3d Dept 1992]).
We further conclude that plaintiff is not entitled to summary judgment dismissing the counterclaim on the basis of the evidentiary submissions in the record before us. To the extent that plaintiff contends that he is entitled to summary judgment based on the lack of evidence regarding the value of the estate, we note that it is well settled that "[a] moving party must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (Orcutt v American Linen Supply Co., 212 AD2d 979, 980 [4th Dept 1995]). In any event, even assuming, arguendo, that plaintiff met his initial burden by establishing that the estate had sufficient assets such that defendant could not show extreme hardship in the absence of a downward modification, we conclude that defendant raised a triable issue of fact whether the continued enforcement of the maintenance obligation would pose an extreme hardship by submitting evidence in admissible form that decedent's income stopped upon her death, the estate earned only de minimis interest and dividends, and the estate had limited assets (see Hawley v Hawley, 247 AD2d 806, 807-808 [3d Dept 1998]; see generally Marrano v Marrano, 23 AD3d 1104, 1105 [4th Dept 2005]).
All concur except Bannister, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent. As acknowledged by my colleagues, this Court recently held that plaintiff and defendant's decedent entered into a Separation and Property Settlement Agreement (settlement agreement), which was incorporated but not merged into a judgment of divorce, whereby decedent agreed to pay lifetime maintenance to plaintiff that continued even in the event of decedent's death (Gardner v Zammit, 185 AD3d 1405, 1406 [4th Dept 2020]). Plaintiff thereafter moved for summary judgment dismissing defendant's counterclaim for a downward modification of the maintenance obligation. Plaintiff now appeals from an order insofar as it denied that motion. In my view, Supreme Court erred in denying the motion, and I would therefore reverse the order insofar as appealed from, grant the motion, and dismiss the counterclaim.
To modify a separation agreement that is incorporated but not merged into a divorce judgment, the party seeking the modification must "make 'a showing of extreme hardship' " (Marrano v Marrano, 23 AD3d 1104, 1105 [4th Dept 2005], quoting Domestic Relations Law § 236 [B] [9] [b] [1]; see Leo v Leo, 125 AD3d 1319, 1319 [4th Dept 2015]). "Extreme hardship" is not defined by the statute, and a finding of extreme hardship is necessarily fact-based and varies with the circumstances of each case. Prior case law, however, provides guidance on that issue. For example, extreme hardship has been determined to exist where a party is unable to be self-supporting or is likely to become a public charge (see Daye v Daye, 170 AD2d 963, 964 [4th Dept 1991]; see also Cavallaro v Cavallaro [appeal No. 2], 278 AD2d 812, 812 [4th Dept 2000], lv dismissed 96 NY2d 792 [2001]), is rendered unable to work due to physical disability (see Matter of Alexander v Alexander, 203 AD2d 949, 950 [4th Dept 1994]), or experiences a substantial decrease in income following the time of the separation agreement due to factors outside of the party's control (see Marrano, 23 AD3d at 1104-1105).
Here, defendant is unable to show extreme hardship under the circumstances presented. Pursuant to the Domestic Relations Law, "[w]here . . . [a separation agreement] remains in force, no modification of an order or judgment incorporating the terms of said agreement shall be made as to maintenance without a showing of extreme hardship on either party" (§ 236 [B] [9] [b] [1] [emphasis added]). A modification of maintenance based on extreme hardship is thus, personal to the parties who contracted as to the amount of maintenance in the separation agreement and, as noted, a modification of that amount has only been awarded in situations involving personal hardships. In my view, an "estate" can never establish a personal hardship and thus, is never entitled to a downward modification of maintenance. While defendant in this case submitted evidence that the continued payment of the maintenance obligation would pose a hardship on the estate, such a hardship is not upon any party to the settlement agreement. Indeed, it is only a hardship upon the beneficiaries of decedent's estate who wish to maximize their inheritance. In my view, any difficulty in the estate's ability to pay the amount of lifetime maintenance agreed to by decedent is an issue that should be raised by the estate in the probate court when determining the reserve funds to be set aside to satisfy the maintenance obligation.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court