Matter of Estate of John R. (2025 NY Slip Op 01454)

Matter of Estate of John R.

2025 NY Slip Op 01454

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

41 CA 24-00741

[*1]IN THE MATTER OF THE ESTATE OF JOHN R. SHANOR, JR., ALSO KNOWN AS JOHN "JACK" SHANOR, ALSO KNOWN AS JOHN SHANOR, JR., DECEASED. - RICHARD J. SHANOR AND AREN LADELFA, PETITIONERS-APPELLANTS; JEFFREY F. VOELKL AND ROBERT GLASER, RESPONDENTS-RESPONDENTS. 

TIVERON LAW PLLC, AMHERST (DIANE R. TIVERON OF COUNSEL), AND BLANK ROME LLP, NEW YORK CITY, FOR PETITIONERS-APPELLANTS.
VOELKL LAW PC, WILLIAMSVILLE (JEFFREY F. VOELKL OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

 Appeal from an order of the Surrogate's Court, Erie County (Acea M. Mosey, S.), entered October 17, 2023. The order dismissed the claim of Richard J. Shanor and Aren LaDelfa. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners' parents died in a boating accident in 2003. The boat was operated by petitioners' paternal uncle, John Shanor III (John III), and owned by their paternal grandfather, John R. Shanor, Jr. (decedent). Petitioners' parents' estates thereafter brought a wrongful death action against John III and decedent. During the course of that action, the estates, the guardians for petitioners, decedent, and John III entered into a "Stipulated Settlement and Agreement Not to Execute" (agreement). The agreement identified four insurance policies covering decedent and John III, noting that two of those policies had tendered their full policy value and that the other two had disclaimed coverage. In the agreement, decedent and John III agreed that they would not contest liability in the wrongful death action. In exchange, the estates of petitioners' parents and the guardians for petitioners agreed that they, inter alia, "will not record any judgment granted in the [wrongful death action] against [John III or decedent], and will not execute the judgment against any of the assets of [John III or decedent], except to the extent of insurance benefits under the [insurance policies of the disclaiming insurers]." They further agreed that they "will pursue recovery only to the extent of the coverage afforded by the [insurance policies of the disclaiming insurers] to satisfy any judgment, and will not pursue collection from the individual assets of [John III or decedent]."
Decedent died in 2022, and petitioners filed a claim against his estate, seeking recovery of the balance on the judgment. The estate rejected the claim, and petitioners filed the instant petition seeking an order, inter alia, directing decedent's estate to satisfy the claim. Respondents, the co-executors of the estate, moved to dismiss the claim. Relying on the terms of the agreement, Surrogate's Court dismissed the claim. Petitioners appeal.
Contrary to petitioners' contention, the Surrogate did not err by improperly deciding a disputed factual issue on a motion to dismiss. A settlement agreement is a contract subject to the same principles of interpretation as other contracts (see Brad H. v City of New York, 17 NY3d 180, 185 [2011]; Gardner v Zammit, 185 AD3d 1405, 1406 [4th Dept 2020]; Kash v Jewish Health Care Sys. of Rochester, Inc., 98 AD3d 1275, 1276 [4th Dept 2012]). Here, the Surrogate [*2]based her decision upon what the Surrogate characterized as the unambiguous terms of the agreement. "Whether an agreement is ambiguous is a question of law for the courts . . . and, consequently, a court may conclude that an agreement is ambiguous [or not] even if the parties contend otherwise" (Corter-Longwell v Juliano, 200 AD3d 1578, 1581 [4th Dept 2021] [internal quotation marks omitted]). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Anderson v Anderson, 120 AD3d 1559, 1560 [4th Dept 2014], lv denied 24 NY3d 913 [2015], quoting Greenfield v Philles Records, 98 NY2d 562, 569 [2002] [internal quotation marks omitted]). Rather than deciding a factual issue in dispute, the Surrogate based her decision upon a legal determination that the agreement was unambiguous and required dismissal of the claim (see generally CPLR 3211 [a] [1]). We likewise reject petitioners' contention that, on the merits, the Surrogate erred in holding that the agreement was unambiguous and precluded the instant claim. The agreement unambiguously permitted recovery "to satisfy any judgment" "only to the extent of the coverage afforded by the [insurance policies of the disclaiming insurers]" and, in violation of that clause, petitioners here are seeking recovery against decedent's estate, i.e., something that is not either of those policies.
We have considered petitioners' remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court